IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:20-cv-15

BROADCAST MUSIC, INC.; INTERIOR MUSIC CORP; HOUSE OF CASH, INC.; EYEBALL MUSIC, A DIVISION OF ALLIGATOR RECORDS & ARTIST MANAGEMENT, INC.; RONDOR MUSIC INTERNATIONAL, INC. D/B/A IRVING MUSIC; SONY/ATV SONGS, LLC D/B/A SONY/ATV TREE PUBLISHING; POST OAK PUBLISHING; WARNER-TAMERLANE PUBLISHING CORP.; ELEKSYLUM MUSIC, INC.; NO SURRENDER MUSIC, A DIVISION OF PRAXIS INTERNATIONAL COMMUNICATIONS, INC.; CORAL REEFER MUSIC; FOURTEENTH HOUR MUSIC, INC.; SPRINGTIME MUSIC, INC.; BOCEPHUS MUSIC, INC.; BUZZARD ROCK MUSIC; SONGS OF UNIVERSAL, INC.; EMI BLACKWOOD MUSIC INC.; LUCKY THUMB MUSIC; NOAH'S LITTLE BOAT MUSIC; SEA GAYLE MUSIC, LLC d/b/a NEW SONGS OF SEA GAYLE; ELDOROTTO MUSIC PUBLISHING; BIG GASSED HITTIES; SPIRIT MUSIC GROUP, INC. D/B/A SPIRIT OF NASHVILLE ONE; EMI CONSORTIUM SONGS, INC. D/B/A EMI LONGITUDE MUSIC,

        Plaintiffs,

  v.

RGR HOLDINGS, LLC d/b/a THE SHAK; RICHARD GREENE, and GEORGE RIZKALLAH, each individually,

        Defendants.

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 15 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Interior Music Corp is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Eyeball Music, a division of Alligator Records & Artist Management, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Rondor Music International, Inc. d/b/a Irving Music is a corporation doing business as Irving Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Sony/ATV Songs, LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Post Oak Publishing is a partnership owned by James Travis Tritt and Robert D. Davenport. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Eleksylum Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Plaintiff No Surrender Music, a division of Praxis International Communications, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

14. Plaintiff Coral Reefer Music is a sole proprietorship owned by James W. Buffett. This Plaintiff is a copyright owner of at least one of the songs in this matter.

15. Plaintiff Fourteenth Hour Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

16. Plaintiff Springtime Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

17. Plaintiff Bocephus Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

18. Plaintiff Buzzard Rock Music is a sole proprietorship owned by Warren Dale Haynes. This Plaintiff is a copyright owner of at least one of the songs in this matter.

19. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

20. Plaintiff EMI Blackwood Music Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

21. Plaintiff Lucky Thumb Music is a sole proprietorship owned by Cory J. Gierman. This Plaintiff is a copyright owner of at least one of the songs in this matter.

22. Plaintiff Noah's Little Boat Music is a sole proprietorship owned by Lee Thomas Miller. This Plaintiff is a copyright owner of at least one of the songs in this matter.

23. Plaintiff Sea Gayle Music, LLC is a limited liability company doing business as New Songs of Sea Gayle. This Plaintiff is a copyright owner of at least one of the songs in this matter.

24. Plaintiff Eldorotto Music Publishing is a sole proprietorship owned by James Otto. This Plaintiff is a copyright owner of at least one of the songs in this matter.

25. Plaintiff Big Gassed Hitties is a sole proprietorship owned by Jamey Van Johnson. This Plaintiff is a copyright owner of at least one of the songs in this matter.

26. Plaintiff Spirit Music Group, Inc. is a corporation doing business as Spirit of Nashville One. This Plaintiff is a copyright owner of at least one of the songs in this matter.

27. Plaintiff EMI Consortium Songs, Inc. is a corporation d/b/a EMI Longitude Music. This Plaintiff is a copyright owner of at least one of the songs in this matter.

28. Defendant RGR Holdings, LLC is a limited liability company organized and existing under the laws of the state of North Carolina, which operates, maintains and controls an

establishment known as The Shak, located at 2270 US Hwy 74A Byp Ste 325, Forest City, NC 28043, in this district (the "Establishment").

29. In connection with the operation of the Establishment, Defendant RGR Holdings, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

30. Defendant RGR Holdings, LLC has a direct financial interest in the Establishment.

31. Defendant Richard Greene is a member of Defendant RGR Holdings, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

32. Defendant Richard Greene has the right and ability to supervise the activities of Defendant RGR Holdings, LLC and a direct financial interest in that limited liability company and the Establishment.

33. Defendant George Rizkallah is a member of Defendant RGR Holdings, LLC with responsibility for the operation and management of that limited liability company and the Establishment.

34. Defendant George Rizkallah has the right and ability to supervise the activities of Defendant RGR Holdings, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

35. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 34.

36. Since April, 2017, BMI has reached out to Defendants over 80 times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with

respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

37. Plaintiffs allege 13 claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

38. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the 13 claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

39. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

40. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

41. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

42. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

43. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: January 15, 2020.                    WILLIAMS MULLEN

/s/ M. Keith Kapp
M. Keith Kapp, Esq.
N.C. Bar No. 8850
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Tel: (919) 981-4000
Fax:(919) 981-4300
kkapp@williamsmullen.com

*Attorney for Plaintiffs*